# Exhibit 6



UNITED STATES DEPARTMENT OF EDUCATION
WASHINGTON, D.C. 20202

NOV 19 1997

Dear Colleague:

The welfare legislation enacted in 1996, the Personal Responsibility and Work Opportunity Reconciliation Act (PRWORA), as amended, contains a number of provisions that restrict the availability of Federal public benefits to aliens. We are aware that there has been considerable discussion regarding the effects of these provisions on programs of Federal aid to education administered by the United States Department of Education. The purpose of this letter and the attached memorandum is to clarify that, except in the limited situations described in the memorandum, the PRWORA does not affect eligibility for assistance under Federal programs administered by the Department at the preschool, elementary or secondary school levels, including special education, and will not require State and local educational agencies to take additional steps, such as verification of citizenship or alien status, with regard to student participation in those programs.

The enclosed memorandum describes in greater detail our conclusions regarding this matter and the reasons that we reached them. We hope that this clarification will be of use to you in the administration of these important programs and that you will share it as appropriate.

Sincerely,

Judith E. Heumann, Assistant Secretary for Special Education and Rehabilitative Services

Patricia McNeil, Assistant Secretary for Vocational and Adult Education

Gerald Tirozzi, Assistant Secretary for Elementary and Secondary Education

Delia Pompa, Director, Office of Bilingual Education and Minority Languages Affairs

Enclosure

MEMORANDUM

I. SUMMARY

Title IV of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 ("Act"; "PRWORA") was enacted into law as Pub. L. No. 104-193 on August 22, 1996 and was recently amended by the Balanced Budget Act of 1997. Title IV contains a number of provisions restricting the availability of Federal public benefits to aliens. The Department of Justice has issued interim guidance, which has been published in the Federal Register, on several of those provisions, including how to verify that an alien applying for federal public benefits is eligible to receive them. 62 Fed. Reg. 61344 (Nov.17,1997). In light of this issuance by the Department of Justice, the Department of Education considers it desirable to clarify the applicability of Title IV of the Act to programs administered by the Department of Education at the preschool, elementary and secondary levels. This will enable State educational agencies, local educational agencies or other recipients to determine the extent, if any, to which verification is needed.

In summary, subject to the exceptions discussed in IV below, assistance provided under federally funded preschool, elementary and secondary education programs administered by the U.S. Department of Education does not involve "federal public benefits," as defined in section 401 of the PRWORA. Other sections of title IV relating to federal benefits are not applicable to these programs. Therefore, all aliens, regardless of their citizenship or immigration status, are eligible for assistance under these programs, in accordance with their authorizing statutes. As stated in the Department of Justice verification guidance, "If the federal program does not provide a `federal public benefit' covered by the Act..., the benefit provider is not required to, and should not attempt to, verify an applicant's status unless otherwise required or authorized to do so by law..." (62 Fed. Reg. at 61346) Except as noted below, the provisions of title IV of the PRWORA, relating to eligibility for federal benefits, do not require, or authorize, SEAs, LEAs and other providers under the Department's preschool, elementary, or secondary school programs to verify students' citizenship or immigration status, and neither do their authorizing statutes.

II. BACKGROUND

Title IV of the Act generally limits eligibility for "federal public benefits" to U.S. citizens, U.S. non-citizen nationals and "qualified aliens," thus requiring benefit providers to verify the citizenship or immigration status of applicants for nonexempted federal public benefits. The term "qualified alien"

is defined in section 431(b) of the Act. (The text of section 431(b) is in the appendix to this memorandum.) In order to understand how title IV relates to the programs discussed in this memorandum, it may help to consider each of title IV's three major sections relating to eligibility for <u>federal</u> benefits.

(1) Section 401 generally makes aliens who are not qualified aliens ineligible for federal public benefits. However, it does not affect the eligibility of aliens, regardless of their immigration status, for federal benefits that do not fall within section 401's definition of "federal public benefits" or that are specifically exempted under section 401(b).

(2) Section 402 provides for the limited eligibility of qualified aliens for certain federal programs. While all "qualified aliens" are eligible for most federal public benefits, only certain categories of qualified aliens are eligible for the programs specified in section 402. However, those provisions are not relevant here as none of these programs are administered by the Department of Education.

(3) Finally, section 403 generally provides that qualified aliens entering the United States after August 22, 1996 are ineligible for "federal means-tested public benefits" for a period of five years unless they fall within a specific exception. However, section 403(c)(2)(I) specifically excepts from that term "means-tested programs under the Elementary and Secondary Education Act of 1965." Moreover, eligibility for benefits, or the amount of these benefits, under other pre-school, elementary, and secondary level programs administered by the Department is not determined on the basis of the income or resources of the individual students or other persons who participate in these programs. Accordingly, these programs are not means-tested in that sense. Moreover, the Department concurs in the interpretation, adopted by the Department of Health and Human Services and other agencies, that section 403 applies only to mandatory spending programs administered by the Federal Government. See 62 Fed. Reg. 45256 (August 26, 1997). The Department does not administer mandatory spending programs at the preschool, elementary or secondary school level. Accordingly, the Federal preschool, elementary and secondary level programs administered by the Department of Education do not constitute federal means-tested public benefit programs for the purposes of section 403.

Because sections 402 and 403 do not apply to the Department's programs, at the preschool, elementary or secondary level, the rest of this memorandum focuses on section 401's definition of "federal public benefit," and, as set forth below, concludes that, with limited exceptions, the definition does not encompass assistance under the Department's federally administered and federally funded preschool, elementary and secondary education programs. Therefore, subject to these exceptions, title IV of the PRWORA does not affect the eligibility of aliens regardless of their citizenship or immigration status, for these programs, and

State and local educational agencies need not verify their status.

## III. APPLICABILITY OF SECTION 401

Section 401(a) of the Act, as indicated above, makes an alien who is not a "qualified alien" ineligible for any nonexempted "Federal public benefit." Federal public benefits, as defined in section 401(c)(1)(A), include "any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States." Section 401(c)(1)(B) further defines the term to include "any retirement, welfare, health, disability, public or assisted housing, <u>postsecondary education,</u> food assistance, unemployment benefit, <u>or any similar benefit</u> for which payments or assistance are provided to an individual, household or family eligibility unit by an agency of the United States or by appropriated funds of the United States." (emphasis added).

Except in the limited situations identified below, the Department of Education does not consider its federally administered or federally funded programs, at the preschool, elementary and secondary levels, or the activities that these programs support, to constitute federal public benefits because, for the reasons stated below, the programs are not specifically enumerated in section 401(c)(1)(A) or (B) and are not similar to those identified in section 401(c)(1)(B).

<u>Section 401(c)(1)(A).</u> The programs in question are not specifically identified in section 401(c)(1)(A). In that section, the PRWORA specifically makes receipt of a grant, loan, or a contract by an individual alien subject to the prohibitions of section 401. However, assistance under the Department programs discussed in this memorandum is not, to our knowledge, made available in the form of a grant, loan, or a contract to an individual student. On the contrary, funds under these programs are awarded to, and must remain under the control of, an agency, institution, or organization. See sections 14303 and 14306 of the Elementary and Secondary Education Act. When, for example, a local educational agency reimburses a service provider or another local educational agency or private school for costs incurred to provide educational services to a student for whom the paying local educational agency is responsible, the transaction takes the form of an agency to agency payment, rather than a grant, loan, or contract to the individual student.

In sum, to our knowledge, no State or local educational agency, nor any other entity receiving funds under these programs, uses any of its federal funds to provide a loan or grant to an individual student. If it did so, however, such a grant or a loan would literally be a federal public benefit subject to the Act's eligibility restrictions.

<u>Section 401(c)(1)(B).</u> The programs discussed in this memorandum

are not specifically identified in section 401(c)(1)(B). Nor are they "similar" to the programs identified in that section. This is because the Department programs discussed here are at a completely different level of education than "postsecondary education," which is specifically identified in section 401(c)(1)(B), and they provide a different form of assistance.

Under programs administered by the Department, elementary and secondary "benefits" are typically made available to public educational agencies through grants that help them supplement their educational programs. Postsecondary "benefits" typically involve financial assistance to individual students. Congress recognized this distinction when, in the conference report on the PWRORA, it observed with respect to section 401: "The intent of the conferees is that title I, part A of the Elementary and Secondary Education Act would not be affected by section 401 because the benefit is not provided to an individual, household or family eligibility unit." H.R. Rept. No. 104-725, 104th Cong. 2d Sess. 380 (1996) The same reasoning applies to the other programs discussed in this memorandum.

Our interpretation also comports with section 433(a)(2) of the Act, which states that nothing in title IV of the Act should be construed as addressing alien eligibility for a basic public education as determined by the Supreme Court of the United States under Plyler v. Doe, 457 U.S. 202 (1982), as benefits provided by federal elementary and secondary education programs are commonly and properly integrated into public school programs.

Hence, we conclude that, except as set forth in this memorandum, assistance under programs administered by the Department provided, in an LEA or other setting, to students, including special education students, at the preschool, elementary and secondary school levels, is not affected by section 401. The statutory authorities under which these programs are carried out include the following: the Goals 2000: Educate America Act; the Elementary and Secondary Education Act of 1965, as amended; the Individuals with Disabilities Education Act; the Stewart B. McKinney Homeless Assistance Act; and K-12 level programs under the Carl D. Perkins Vocational Education and Applied Technology Education Act, the Adult Education Act, the School-to-Work Opportunities Act of 1994, and the Educational Research, Development, Dissemination and Improvement Act of 1994. Therefore, except as set forth in this memorandum, in implementing the restrictions on eligibility contained in section 401 of the Act, State and local agencies administering these Department of Education programs are not required to engage in title IV verification procedures with respect to assistance under those programs for students at the preschool, elementary and secondary school levels.

## IV. POSTSECONDARY BENEFITS

A number of the programs identified above permit State or local

agencies to use program funds to pay costs that help teachers and other individuals to enroll in, and attend classes at, institutions of higher education (IHEs) so that they can take courses that will help them obtain a postsecondary degree or credit, or participate in long-term postsecondary fellowship programs. This use of program funds may significantly benefit preschool, elementary and secondary school students by providing high quality professional development for participating teachers and other staff. However, payment of these costs also constitutes a discrete "postsecondary education benefit," within the meaning of section 401(c)(1)(B) of the PRWORA, for those individuals who attend the IHE, and so is subject to both the limitations on eligibility contained in section 401 and to the required verification procedures.

However, a variety of other professional development activities are carried out with funds under the programs described above. These activities generally take the form of in-service training of a short duration, typically delivered in the school or school district, where the purpose is to enhance the ability of professional staff to deliver the services to students under projects assisted by these programs. The Department does not believe that any incidental benefit for the teacher or other professional staff member constitutes a disecrete postsecondary benefit under section 401 similar to the provision of financial aid for study for credit at an institution of higher education. Therefore, the Department does not regard section 401(c)(1)(B) as encompassing teacher training under these programs, whether or not provided by an institution of higher education, if the training does not involve credit toward a postsecondary degree or certificate.

## V. CONCLUSIONS

Subject to these exceptions, the provisions of title IV of the PRWORA do not require SEAs, LEAs and other providers to verify applicants' citizenship or immigration status under the Department's preschool, elementary, or secondary school programs.

We will endevor to keep you informed regarding further pertinent developments under title IV. If you have questions regarding this guidance, please share them with the members of the Department's program staff or call Ted Sky, Senior Counsel, at 202-401-6000.

## Appendix

Section 431(b) of the PRWORA defines the term "qualified alien" to mean "an alien who, at the time the alien applies for, receives or attempts to receive a Federal public benefit is--

"(1) an alien who is lawfully admitted for permanent residence under the Immigration and Nationality Act,
"(2) an alien who is granted asylum under section 208 of such Act,
"(3) a refugee who is admitted to the United States under section 207 of such Act,
"(4) an alien who is paroled into the United States under section 212(d)(5) of such Act for a period of at least 1 year;
"(5) an alien whose deportation is being withheld under section 243(h) of such Act, or
"(6) an alien who is granted conditional entry pursuant to section 203(a)(7) of such Act as in effect prior to April 1, 1980."