UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF NEW YORK; STATE OF WASHINGTON; STATE OF RHODE ISLAND; STATE OF ARIZONA; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF CONNECTICUT; DISTRICT OF COLUMBIA; STATE OF HAWAIʻI; STATE OF ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF OREGON; STATE OF VERMONT; STATE OF WISCONSIN,<br><br>      Plaintiffs,<br><br>      v.<br><br>U.S. DEPARTMENT OF JUSTICE; PAMELA BONDI, in her official capacity as ATTORNEY GENERAL OF THE UNITED STATES; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROBERT F. KENNEDY, JR., in his official capacity as SECRETARY OF THE U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; U.S. DEPARTMENT OF EDUCATION; LINDA McMAHON, in her official capacity as SECRETARY OF THE U.S. DEPARTMENT OF EDUCATION; U.S. DEPARTMENT OF LABOR; LORI CHAVEZ-DeREMER, in her official capacity as SECRETARY OF THE. US. DEPARTMENT OF LABOR,<br><br>      Defendants. | Case No. 1:25-cv-00345 |

1

## **DECLARATION OF LINDSEY BURKE**

I, Lindsey Burke, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and accurate to the best of my information and belief:

1.  I am the Deputy Chief of Staff for Policy and Programs within the Office of the Secretary at the United States Department of Education (the "Department"). I have held this position since June 2025.

2.  My current duties include the coordination of major policies and activities related to the administration and oversight of Department programs. This includes, but is not limited to, providing executive oversight of grant operations, and monitoring and enforcement actions that the Department may take to ensure grantee compliance with all applicable laws and regulations.

3.  Based on this role, I am familiar with the Department's publication of the "Clarification of Federal Public Benefits under the Personal Responsibility and Work Opportunity Reconciliation Act," 90 Fed. Reg. 30,896 (July 11, 2025) (PRWORA Notice), at issue in this case. I make the statements below based on my personal knowledge and information I obtained in the course of my official duties.

4.  On July 11, 2025, the Department issued a Notice of Interpretation in the Federal Register, seeking to clarify its position on the classification of certain Department programs as providing "Federal public benefits," as defined in Title IV of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (PRWORA). The Department believes that its revised interpretation was necessary to correct aspects of the Department's previously issued Dear Colleague Letter (DCL) of November 19, 1997, which erroneously stated that certain programs were not affected by PRWORA. Specifically, the Department's Notice of Interpretation sought to clarify the applicability of PRWORA to the adult education programs authorized under

Title II of the Workforce Innovation and Opportunity Act of 2014, postsecondary career and technical education programs under the Carl D. Perkins Career and Technical Education Act of 2006, and other programs when used to fund postsecondary learning opportunities.

5. The adult education programs authorized under Title II of the Workforce Innovation and Opportunity Act of 2014 provide benefits that include adult education, workplace adult education and literacy activities, family literacy activities, English language acquisition activities, integrated English literacy and civics education, workforce preparation activities, or integrated education and training.

6. The postsecondary career and technical education programs under the Carl D. Perkins Career and Technical Education Act of 2006 provide benefits that include the provision of career and technical education programs and programs of study in the secondary and postsecondary education setting, including career exploration and academic counseling.

7. The PRWORA Notice is an interpretive rule that represents the Department's best reading of PRWORA. As stated in the notice, "grantees that may have existing legal obligations under PRWORA may seek to verify eligibility" under a variety of methods but the Notice does not require any specific method of verification.

8. To ensure compliance with PRWORA, the Department anticipates that each of its program offices will follow their established procedures for monitoring grantee compliance. If a grantee's activities appear to pose a risk of noncompliance, program offices may begin a compliance inquiry. If there is a potential violation or concern, grantees will receive notice and the opportunity to respond prior to the Department issuing a program finding. The Department may enter into a corrective action plan with the grantee to secure voluntary compliance in certain

instances. Depending on the nature of the violation, the Department may take action to limit, suspend, or terminate the grant, or may attempt to recover funds.

Executed on August 11, 2025            By,

*Lindsey M Burke*
_____
Lindsey Burke
Deputy Chief of Staff for Policy and Programs
Office of the Secretary