UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STATE OF NEW YORK, *et al.*,

    Plaintiffs,

v.

U.S. DEPARTMENT OF JUSTICE, *et al.*,

    Defendants.

Case No. 1:25-cv-00345

**MOTION FOR EXTENSION OF BRIEFING SCHEDULE DEADLINES**

    Defendants respectfully request a brief 28-day extension of the deadlines set forth in the briefing schedule entered in this case, ECF No. 67.

    On September 15, 2025, the Court granted Plaintiffs' Motion for a Preliminary Injunction, affording Plaintiffs all the relief sought in their motion. ECF No. 64. The preliminary injunction order remains in effect. On September 23, 2025, Plaintiffs amended their complaint to *inter alia* add APA claims against the Department of Justice. ECF No. 68. Pursuant to the parties' stipulation, Defendants are required to produce the administrative records for all Defendant Agencies on October 24, 2025. ECF No. 67 at 2.

    Due to the lapse in appropriations, the vast majority of staff at the Defendant Agencies has been furloughed. *See* ECF No. 69. Although contingency plans may govern legal staff, non-legal staff that assist legal staff in compiling necessary facts and documents remain furloughed. Additionally, only limited furlough exceptions are extended to minimal legal staff to address ongoing litigation. As a result, Defendants efforts to compile the administrative record have been significantly curtailed or altogether stalled. Defendants are currently unable to meet the October

24 administrative record production deadline. Defendants thus request a 28-day extension of the briefing schedule to afford the Defendant Agencies an opportunity to comply with existing deadlines.

Defendants contacted Plaintiffs regarding the instant motion. Plaintiffs stated: "Plaintiffs oppose this request for an extension. However, if Defendants agree not to appeal the preliminary injunction, we will consent to the extension, and you can indicate that 'Plaintiffs consent to this motion on the basis that Defendants have agreed not to appeal the preliminary injunction, ECF No. 64.'" Defendants cannot agree to Plaintiffs' demand for a substantive concession under these circumstances. Plaintiffs would not be prejudiced by the requested extension, which is necessary to compile the documents potentially relevant to the summary judgment briefing. Plaintiffs remain fully protected by the preliminary injunction, and they have failed to articulate any prejudice stemming from the brief 28-day extension. All Defendants seek is an extension that recognizes the reality of the current lapse in appropriations, and what it means for Executive Branch agencies.

To the extent the Court is concerned that allowing this kind of extension would implicate its constitutional duties, Defendants respectfully submit that it would not. Defendants are only seeking an order resetting deadlines consistent with the Anti-Deficiency Act.

Accordingly, Defendants request that deadlines in the stipulated briefing schedule be extended by 28 days.

Dated: October 14, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

Federal Programs Branch

DIANE KELLEHER
Branch Director
Federal Programs Branch

*/s/ Heidy L. Gonzalez*
HEIDY L. GONZALEZ
(FL Bar No. 1025003)
ALEXANDRA YEATTS
(CA Bar No. 358762)
*Trial Attorneys*
U.S. Department of Justice,
Civil Division, Federal Programs
1100 L Street, N.W.
Washington, DC  20005
Tel: (202) 598-7409
Email: heidy.gonzalez@usdoj.gov

*Attorney for Defendants*