Executive Order as just described. They may seek reconsideration of this Order if the facts differ from what is in the record thus far.

**IT IS SO ORDERED.**

Dated: August 22, 2025

William H. Orrick
United States District Judge

United States District Court
Northern District of California

15

HUD-PRWORA_000074

**Washburn, Tenille E**

| | |
|---|---|
| **From:** | Office of Public Affairs |
| **Sent:** | Monday, October 20, 2025 3:53 PM |
| **To:** | Office of Public Affairs |
| **Subject:** | Notice of Court Order - Housing Authority of the County of San Diego, et al. v. Turner, et al., 4:25-cv-08859 (N.D. Cal.) |
| **Attachments:** | ECF No. 19. Temporary Restraining Order and Order to Show Cause.pdf; 2025.10.20 Notice of TRO ECF 19 updated.pdf |

THE U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

# OFFICE OF PUBLIC AFFAIRS

HUD Staff and Contractors,

At the direction of the United States District Court for the Northern District of California, you are hereby advised that a Temporary Restraining Order (TRO) in the case of *Housing Authority of the County of San Diego, et al. v. Turner, et al.*, 4:25-cv-08859 (N.D. Cal.), ECF No. 19 (October 18, 2025) was issued. The Court has directed that notice of this order shall be provided to "all HUD personnel" by "October 21, 2025 at 5:00 p.m."

A copy of the TRO and notice prepared by HUD's Office of General Counsel regarding it is attached for reference.

1

HUD-PRWORA_000075

To:     All Agency Employees and Contractors
        U.S. Department of Housing and Urban Development

From:   Associate General Counsel for Litigation
        Office of the General Counsel
        U.S. Department of Housing and Urban Development

Date:   October 20, 2025

Re:     Notice of Temporary Restraining Order in the case of: *Housing Authority of the County of San Diego, et al. v. Turner, et al.,* 4:25-cv-08859 (N.D. Cal.)

---

## NOTICE OF TEMPORARY RESTRAINING ORDER

On October 18, 2025, the United States District Court for the Northern District of California in *Housing Authority of the County of San Diego, et al. v. Turner, et al.,* 4:25-cv-08859 (N.D. Cal.) (ECF No. 19), entered a temporary restraining order ("TRO") (note the TRO's caption states "*Housing Authority of the City and County of San Francisco, et al.*"). A copy is attached for reference.

The TRO directs that by close of business on October 21, 2025, HUD "shall serve and file a status report verifying under penalty of perjury that (1) Plaintiffs are not subject to the HUD Grant Conditions; and (2) Defendants have complied with this order, including providing a copy of this order to all HUD personnel. Defendants shall also detail any additional steps they have taken to comply with this order." ECF No. 19, ¶ 5. Accordingly, this Notice is provided.

The eight Plaintiffs protected by the TRO are: the Housing Authority of the County of San Diego, Home Forward, the Housing Authority of the City of Los Angeles, the Los Angeles County Development Authority, the Housing Authority of the City of Salem, the Housing Authority of the City and County of San Francisco, the Housing Authority of Baltimore City, and the San Diego Housing Commission.

The TRO affects the following grant programs as to the named Plaintiffs only: Capital Fund Grants, Operating Subsidy Grants, Multifamily Housing Services Coordinator Grants, and Family Self-Sufficiency Grants for Fiscal Years 2024, 2025, and 2026.

The relevant terms at issue (the "HUD Grant Conditions") are:

1. The recipient "shall not use grant funds to promote 'gender ideology,'" as defined in E.O. 14168, "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government."
2. The recipient must certify "that it does not operate any programs that violate any applicable Federal antidiscrimination laws" (which precludes diversity, equity, and inclusion ("DEI") programs) and that such compliance is "material to the U.S. Government's payment decisions" for purposes of the False Claims Act, ]" as required by

HUD-PRWORA_000076

E.O. 14173, "Ending Illegal Discrimination and Restoring Merit-Based Opportunity," and E.O. 14218, "Ending Taxpayer Subsidization of Open Borders."

3.  Recipients must certify that grants are not used "in a manner that . . . facilitates the subsidization or promotion of illegal immigration or abets policies that seek to shield illegal aliens from deportation" as required by E.O. 14218, "Ending Taxpayer Subsidization of Open Borders" and E.O. 14287, "Protecting American Communities From Criminal Aliens."

4.  Recipients must certify they administer the grants "in accordance with all applicable immigration restrictions and requirements, including the eligibility and verification requirements that apply under title IV of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 . . . (U.S.C. §§ 1601-1646) (PRWORA)" as required by E.O. 14218.

5.  The recipient "does not use any Grant Funds to fund or promote elective abortions," as required by Executive Order No. 14182, "Enforcing the Hyde Amendment."

The TRO prohibits HUD—including its officers, agents, servants, employees, and attorneys, and "any person in active concert or participation" with HUD—from requiring Plaintiffs to agree to the HUD Grant Conditions or substantially similar conditions as a requirement for receiving funding related to Capital Fund Grants, Operating Subsidy Grants, Multifamily Housing Services Coordinator Grants, and Family Self-Sufficiency Program. More specifically:

1.  HUD shall not impose or enforce the HUD Grant Conditions on Plaintiffs at any stage of the grant process, including new notices of funding availability or opportunity, grant applications, selection and funding allocation, grant agreements, or post-award submissions.

2.  HUD shall not require Plaintiffs to make any certification or other representation related to compliance with such terms or conditions to apply for or receive HUD funds.

3.  HUD shall not refuse to issue, process, or sign grant agreements based on Plaintiffs' participation in this lawsuit.

4.  HUD shall immediately rescind and treat as null and void any actions taken to implement or enforce the HUD Grant Conditions, including requiring any certification or other representation related to compliance with the HUD Grant Conditions.

5.  HUD may not retroactively apply the HUD Conditions to already awarded HUD funds during the effective period of this temporary restraining order.

6.  HUD shall immediately take every step necessary to effectuate this Order, including clearing any administrative, operational, or technical hurdles to implementation.

The TRO remains in effect until November 14, 2025; unless, otherwise ordered by the Court. Please review the TRO.

If you have any questions about the scope or effect of the TRO, please contact HUD's Office of General Counsel. Thank you for your attention to this matter.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSING AUTHORITY OF THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>SCOTT TURNER, et al.,<br><br>         Defendants. | Case No. 25-cv-08859-JST<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE**<br><br>Re: ECF No. 9 |

Before the Court is Plaintiffs' motion for a temporary restraining order. In light of the serious legal issues raised by Plaintiffs, the likelihood of irreparable harm to them, and the absence of prejudice to the government, the Court will grant the motion for temporary restraining order and issue an order to show cause why a preliminary injunction should not issue.

## I.    BACKGROUND

Plaintiff public housing agencies bring this case against the U.S. Department of Housing and Urban Development ("HUD") and HUD Secretary Scott Turner. They allege that HUD has imposed new, unlawful requirements on Plaintiffs to comply with current and future Executive Orders issued by the Trump administration relating to "diversity, equity, and inclusion"; "gender ideology"; immigration; and elective abortions (collectively the "HUD Grant Conditions").[1] ECF No. 9-1 at 13. The agencies must either certify that they will comply with said orders or lose federal funding that is necessary for them to maintain their operations. *See generally* ECF No. 9-1. The earliest certification deadline occurs on October 21, 2025 at 5:00 p.m. Eastern Daylight

---

[1] The term "HUD Grant Conditions" has the same meaning in this order as it has in Plaintiffs' motion for temporary restraining order.

HUD-PRWORA_000078

Time. *Id.* at 12. Plaintiffs allege that these certification requirements are unlawful in that they violate the Separation of Powers Doctrine; violate the Due Process Clause of the Fifth Amendment; violate the Second Amendment; and violate the Administrative Procedures Act. *See generally id.* Plaintiffs allege they will suffer irreparable harm because they "are being compelled to agree to vague, ambiguous, and unlawful conditions at the risk of incurring financial penalties and legal liability, or giving up funds already awarded and, in many cases, accounted for in budget and project planning." *Id.* at 34.

Plaintiffs filed their complaint on October 15, 2025. ECF No. 1. They filed this motion for a temporary restraining order on October 16, 2025, requesting relief by 5:00 p.m. Eastern Daylight Time on October 21, 2025. ECF No. 9 at 12. The case was assigned to the undersigned on the morning of Friday, October 17, 2025. ECF No. 12.

The Court held a hearing on the afternoon of October 17, 2025 to discuss the parties' positions and establish a timeline for resolving the motion. At that hearing, the government stated that it opposed the motion for the same reasons it opposed relief in the recent case of *City of Fresno et al. v. Turner et al.*, No. 3:25-cv-07070-RS (N.D. Cal. 2025). The government also stated that rather than file an opposition to Plaintiffs' motion, it would request that the Court consider the government's arguments in opposition to the motion for temporary restraining order and preliminary injunction in *City of Fresno* as having also been made in the present case, and rule on that basis. When asked, the government was unable to identify any prejudice from the establishment of a briefing schedule that would maintain the status quo while the Court considered the parties' filings in an orderly and deliberate manner.

## II. LEGAL STANDARD

A party may seek a temporary restraining order to preserve the status quo and prevent irreparable harm until a preliminary injunction hearing may be held. *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters ("Granny Goose")*, 415 U.S. 423, 438–39 (1974)); Fed. R. Civ. P. 65(b). The standard for issuing a temporary restraining order mirrors that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

HUD-PRWORA_000079

"A plaintiff seeking [such relief] must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The "TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose*, 415 U.S. at 439).

## III.   DISCUSSION

Evaluating circumstances and legal arguments very similar to those at issue here, courts across the country have granted injunctive relief to halt the enforcement of grant conditions requiring compliance with the President's Executive Orders and related restrictions. *See e.g.*, *Chicago Women in Trades v. Trump*, 778 F. Supp. 3d 959 (N.D. Ill. 2025); *City & Cnty. of San Francisco v. Trump*, 779 F. Supp. 3d 1077 (N.D. Cal.), *opinion clarified* 782 F. Supp. 3d 830 (N.D. Cal. 2025); *S. Educ. Found. v. United States Dep't of Educ.*, 784 F. Supp. 3d 50 (D.D.C. 2025); *Martin Luther King, Jr. Cnty. v. Turner*, 785 F. Supp. 3d 863 (W.D. Wash. 2025); *San Francisco A.I.D.S. Found. v. Trump*, 786 F. Supp. 3d 1184 (N.D. Cal. 2025); *Rhode Island Coalition Against Domestic Violence v. Kennedy*, No. 25-CV-342-MRD-PAS, 2025 WL 2899764 (D.R.I. Oct. 10, 2025).

The Court joins its colleague courts in finding that the circumstances here show at least serious issues going to the merits, a high likelihood of irreparable harm to Plaintiffs, and little or no prejudice to the government. The Court therefore orders as follows:

## ORDER GRANTING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

1.    Plaintiffs' motion for temporary restraining order is GRANTED;

2.    HUD and its officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them (collectively "Enjoined Parties"), are enjoined from: (1) imposing or enforcing the HUD Grant Conditions, as defined in the motion for

3

temporary restraining order, or any materially similar terms or conditions, on Plaintiffs at any stage of the grant process, including but not limited to new notices of funding availability or opportunity, grant applications, selection and funding allocation, grant agreements, or post-award submissions; (2) requiring Plaintiffs to make any certification or other representation related to compliance with such terms or conditions in order to apply for or receive HUD funds; or (3) refusing to issue, process, or sign grant agreements based on Plaintiffs' participation in this lawsuit.

3.    The Enjoined Parties shall immediately rescind and treat as null and void any actions taken to implement or enforce the HUD Grant Conditions or any materially similar terms or conditions as to Plaintiffs, including requiring any certification or other representation related to compliance with the HUD Grant Conditions or any materially similar terms or conditions, and may not retroactively apply such terms or conditions to already awarded HUD funds during the effective period of this temporary restraining order.

4.    The Enjoined Parties shall immediately take every step necessary to effectuate this order, including clearing any administrative, operational, or technical hurdles to implementation.

5.    By October 21, 2025 at 5:00 p.m., Defendants shall serve and file a status report verifying under penalty of perjury that (1) Plaintiffs are not subject to the HUD Grant Conditions; and (2) Defendants have complied with this order, including providing a copy of this order to all HUD personnel. Defendants shall also detail any additional steps they have taken to comply with this order.

6.    To afford time for the parties to provide complete briefing and in light of the complexity of the issues raised, good cause exists to extend the TRO an additional fourteen days beyond the initial fourteen-day period. *See* Fed. R. Civ. P. 65(b)(2). Accordingly, this restraining order shall remain in place until November 14, 2025 pending further order of this Court.

## ORDER TO SHOW CAUSE

Defendants are ordered to show cause before this Court why a preliminary injunction should not issue enjoining Defendants during the pendency of this action from imposing or

4

enforcing the HUD Grant Conditions or any materially similar terms or conditions on any federal funds received by or awarded, directly or indirectly, to Plaintiffs. A hearing on this order to show cause will be held on November 12, 2025 at 9:30 a.m. The hearing will be conducted in person.

It is furthered ordered that:

1. At the government's request, the Court will consider the opposition filed in *City of Fresno* as constituting the government's opposition to Plaintiffs' request for a preliminary injunction. *See* Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, *City of Fresno et al. v. Turner et al.*, No. 3:25-cv-07070-RS (N.D. Cal. Sept. 16, 2025).

2. Plaintiffs' reply is due October 29, 2025.

**IT IS SO ORDERED.**

Dated: October 18, 2025



JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

5

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
MICHELLE LO (NYRN 4325163)
Acting Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7224
    Facsimile:  (415) 436-6748
    jevechius.bernardoni@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HOUSING AUTHORITY OF THE COUNTY OF SAN DIEGO, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>SCOTT TURNER, *et al.*,<br><br>    Defendants. | Case No. 4:25-cv-8859-JST<br><br>**PRELIMINARY INJUNCTION APPEAL** |

PLEASE TAKE NOTICE that defendants Scott Turner, in his official capacity as Secretary of U.S. Department of Housing and Urban Development, and the U.S. Department of Housing and Urban Development hereby appeal to the United States Court of Appeals for the Ninth Circuit from the Court's Order Granting Preliminary Injunction dated November 14, 2025, Dkt. No. 33.

//

//

//

//

//

PRELIMINARY INJUNCTION APPEAL
No. 4:25-cv-8859-JST                   1

HUD-PRWORA_000083

DATED:  January 12, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/ Jevechius D. Bernardoni
JEVECHIUS D. BERNARDONI
Assistant United States Attorney

*Attorneys for Defendants*

PRELIMINARY INJUNCTION APPEAL
No. 4:25-cv-8859-JST                                2

HUD-PRWORA_000084

## Washburn, Tenille E

| | |
|---|---|
| **From:** | Office of Public Affairs |
| **Sent:** | Thursday, January 22, 2026 4:35 PM |
| **To:** | Office of Public Affairs |
| **Subject:** | Notice of New Preliminary Injunction – Martin Luther King, Jr. County, et al. v. Turner, et al., 2:25-cv-00814 (W.D. Wash.); 25-3664 & 25-6428 (9th Cir.) |
| **Attachments:** | 2026.01 Notice of new PI - HUD.pdf; Dkt 381 ORDER Granting PL's 4th PI Mtn.pdf; Dkt. 338 - Order Granting Third PI 2025.08.12.pdf |
| **Categories:** | Red Category |

THE U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
# OFFICE OF PUBLIC AFFAIRS

HUD Staff and Contractors,

At the direction of the United States District Court for the Western District of Washington, you are hereby advised that an updated Preliminary Injunction Order was issued in *Martin Luther King, Jr. County, et al. v. Turner, et al.*, 2:25-cv-00814 (W.D. Wash.); 25-3664 & 25-6428 (9th Cir.) adding new Plaintiffs to the case. The Court has directed that notice of this new Order, and the prior Order shall be provided to all HUD employees by COB Friday, January 23, 2026. A copy of both Orders and a notice prepared by the Department of Justice regarding them is attached for reference.

1

HUD-PRWORA_000085

To:    Agency Employees and Contractors
        U.S. Department of Housing and Urban Development

From:  Brian C. Kipnis, Sarah L. Bishop
        U.S. Attorney's Office for the Western District of Washington

Date:  January 22, 2026

Re:    Notice of Court Order, *King County v. Turner*, 2:25-cv-814-BJR (W.D. Wash.)

---

## NOTICE OF COURT ORDER

At the direction of the United States District Court for the Western District of Washington, you are hereby advised that a new preliminary injunction order has been entered in the case of *King County v. Turner*, 2:25-cv-814-BJR (W.D. Wash.), ECF No. 381 (Jan. 21, 2026). The Court has directed that notice of the order be provided to "all Defendants and their employees by the end of the second day after [its] issuance." This new injunction extends the Court's most recent injunction, which issued on August 12, 2025, to more plaintiffs. Copies of both the new and the prior injunction are enclosed for reference. You should review the injunctions for their full terms. But to assist in your compliance, we provide a summary in this notice.

As relevant to you, this case challenges certain terms incorporated into U.S. Department of Housing and Urban Development ("HUD") grant agreements for Fiscal Years 2024 and 2025 awarded to the relevant plaintiffs (the "HUD Plaintiffs"). Lists of the relevant grant terms (the "Enjoined Terms") and HUD Plaintiffs can be found at the end of this notice. For ease of reference, the additional plaintiffs added by the latest injunction are denoted in red.

Under the Court's order:

1. HUD is enjoined from:

    a) imposing or enforcing the Enjoined Terms at any stage of the grantmaking process, with respect to any HUD funds awarded to the HUD Plaintiffs;

    b) as to the HUD Plaintiffs, rescinding, withholding, cancelling, or otherwise not processing any grant agreements, or pausing, freezing, impeding, blocking, cancelling, terminating, delaying, withholding, or conditioning grant funds, based on the Enjoined Terms, including without limitation failing or refusing to process and otherwise implement grants signed with changes or other objections to the Enjoined Terms;

    c) requiring the HUD Plaintiffs to make any "certification" or other representation related to compliance with the Enjoined Terms;

1

    d) retroactively applying the Enjoined Terms to HUD Plaintiffs' grant agreements during the effective period of the Court's injunctions or TROs in this lawsuit— *i.e.*, from May 7, 2025, onwards; or

    e) refusing to issue, process, or sign grant agreements based on HUD Plaintiffs' participation in this lawsuit.

2. Further, HUD shall treat as null, void, and rescinded:

    a) any actions already taken to implement or enforce the Enjoined Terms as to the HUD Plaintiffs, including any delays or withholding of funds based on the Enjoined Terms;

    b) any of the Enjoined Terms included in any grant agreement executed by any HUD Plaintiff during the effective period of the Court's injunctions or TROs in this lawsuit, *i.e.*, from May 7, 2025, onwards.

3. Lastly, HUD shall immediately take every step necessary to effectuate this order, including clearing any administrative, operational, or technical hurdles to implementation.

As the Court's order reflects, the injunction is temporary, as litigation in the case is ongoing. But the Court's order is in effect and must be complied with until further notice.

If you have any questions about the scope or effect of the Court's order, please contact HUD's Office of General Counsel. Thank you for your attention to this matter.

2

## I.    TERMS AND PLAINTIFFS RELATED TO CONTINUUM OF CARE ("CoC") GRANTS

### A. Relevant Plaintiffs:

**Important:** the relevant plaintiffs include both the entities listed below *and* their continuum members or subrecipients.

Arizona:
Pima County
Tucson

California:
Alameda County
Berkeley
Los Angeles Homeless Services Authority (LAHSA)
Oakland
Pasadena
Petaluma
San Francisco (City and County)
San Jose
San Mateo County
Santa Clara County
Santa Monica Housing Authority
Sonoma County

Maryland:
Baltimore

Massachusetts:
Boston
Cambridge

Minnesota:
Hennepin County
Ramsey County

New Mexico:
Albuquerque

New York:
New York City

Ohio:
Cincinnati
Columbus

Oregon:
Multnomah County

Pennsylvania:
Allegheny County
Delaware County

Tennessee:
Nashville & Davidson County (Metropolitan Government of)

Washington:
King County & King County Regional Homelessness Authority
Pierce County
Snohomish County
Spokane

Wisconsin:
Dane County
Milwaukee

3

HUD-PRWORA_000088

## B.  Relevant Enjoined Terms:

**Important:** the enjoined terms include both the terms listed below *and* any materially similar terms or conditions.

- The recipient or applicant shall not use grant funds to promote "gender ideology," as defined in Executive Order 14168, Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government;

- The recipient or applicant agrees that its compliance in all respects with all applicable Federal antidiscrimination laws is material to the U.S. Government's payment decisions for purposes of section 3729(b)(4) of title 31, United States Code;

- The recipient or applicant certifies that it does not operate any programs that violate any applicable Federal anti-discrimination laws, including Title VI of the Civil Rights Act of 1964;

- The recipient or applicant shall not use any Grant Funds to fund or promote elective abortions, as required by Executive Order 14182, Enforcing the Hyde Amendment;

- The recipient or applicant must administer its grant in accordance with all applicable immigration restrictions and requirements, including the eligibility and verification requirements that apply under title IV of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, as amended (8 U.S.C. 1601-1646) ("PRWORA") and any applicable requirements that HUD, the Attorney General, or the U.S. Center for Immigration Services [sic] may establish from time to time to comply with PRWORA, Executive Order 14218, or other Executive Orders or immigration laws;

- No state or unit of general local government that receives funding under this grant may use that funding in a manner that by design or effect facilitates the subsidization or promotion of illegal immigration or abets policies that seek to shield illegal aliens from deportation;

- Subject to the exceptions provided by PRWORA, the recipient or applicant must use SAVE, or an equivalent verification system approved by the Federal government, to prevent any Federal public benefit from being provided to an ineligible alien who entered the United States illegally or is otherwise unlawfully present in the United States;

- The recipient or applicant agrees that use of Grant Funds and its operation of projects assisted with Grant Funds are governed by all Executive Orders.

4

## II.    TERMS AND PLAINTIFFS RELATED TO OTHER HUD GRANTS

### A.  Relevant Plaintiffs:

**Important:** the relevant plaintiffs include both the entities listed below *and* their continuum members or subrecipients.

Arizona:
Pima County
Tucson

California:
Alameda County
Berkeley
Culver City & Housing Authority
Los Angeles
Los Angeles Homeless Services Authority (LAHSA)
Oakland
Palo Alto
Pasadena
Petaluma
San Diego
San Francisco
San Jose
San Mateo County
Santa Clara
Santa Monica & Housing Authority
Santa Rosa
Sonoma County & Community Development Commission
Watsonville

Connecticut:
New Haven

Illinois:
Chicago

Maryland:
Baltimore

Massachusetts:
Boston
Cambridge

Minnesota:
Hennepin County
Minneapolis
Ramsey County

New Mexico:
Albuquerque
Santa Fe

New York:
New York City
Rochester

Ohio:
Cincinnati
Columbus

Oregon:
Bend
Eugene
Multnomah County
Portland

Pennsylvania:
Allegheny County
Delaware County
Pittsburgh

Tennessee:
Nashville

5

Washington:
Bellevue
Bellingham
Bremerton
King County & Regional Homelessness Authority
Kitsap County
Olympia
Pierce County
Port Angeles
Snohomish County
Spokane
Tacoma
Thurston County

Wisconsin:
Dane County
Milwaukee

6

HUD-PRWORA_000091

## B. Relevant Enjoined Terms:

**Important:** the enjoined terms include both the terms listed below *and* any materially similar terms or conditions.

- The recipient or applicant will not use Federal funding to promote diversity, equity, and inclusion ("DEI") mandates, policies, programs, or activities that violate any applicable Federal antidiscrimination laws;

- – The recipient or applicant shall not use grant funds to promote "gender ideology," as defined in Executive Order 14168, Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government;

- The recipient or applicant agrees that its compliance in all respects with all applicable Federal anti-discrimination laws is material to the U.S. Government's payment decisions for purposes of section 3729(b)(4) of title 31, United States Code;

- The recipient or applicant certifies that it does not operate any programs that violate any applicable Federal antidiscrimination laws, including Title VI of the Civil Rights Act of 1964;

- The recipient or applicant shall not use any grant funds to fund or promote elective abortions, as required by Executive Order 14182, Enforcing the Hyde Amendment;

- The recipient or applicant must administer its grant in accordance with all applicable immigration restrictions and requirements, including the eligibility and verification requirements that apply under title IV of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, as amended (8 U.S.C. 1601-1646) ("PRWORA") and any applicable requirements that HUD, the Attorney General, or the U.S. Citizenship and Immigration Services may establish from time to time to comply with PRWORA, Executive Order 14218, or other Executive Orders or immigration laws;

- If applicable, no state or unit of general local government that receives or applies for funding under this grant may use that funding in a manner that by design or effect facilitates the subsidization or promotion of illegal immigration or abets policies that seek to shield illegal aliens from deportation;

- Unless excepted by PRWORA, the recipient or applicant must use SAVE, or an equivalent verification system approved by the Federal government, to prevent any Federal public benefit from being provided to an ineligible alien who entered the United States illegally or is otherwise unlawfully present in the United States.

- The recipient or applicant must comply with applicable existing and future Executive Orders, as advised by the Department, including but not limited to E.O. 14182, Enforcing the Hyde Amendment; Executive Order 14173, Ending Illegal Discrimination and Restoring Merit-Based Opportunity; Executive Order 14168, Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government; and Executive Order 14151, Ending Radical and Wasteful Government DEI Programs and Preferencing.

7

HUD-PRWORA_000092

The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTIN LUTHER KING, JR. COUNTY, *et al.*<br><br>Plaintiffs,<br><br>vs.<br><br>SCOTT TURNER in his official capacity as Secretary of the U.S. Department of Housing and Urban Development, *et al.*,<br><br>Defendants. | NO. 2:25-cv-814<br><br>**ORDER GRANTING PLAINTIFFS' FOURTH MOTION FOR PRELIMINARY INJUNCTION** |

## I.     INTRODUCTION

Before the Court is Plaintiffs' Fourth Motion for Preliminary Injunction, which Defendants oppose. Dkt. Nos. 346 and 372. Having reviewed the motion, opposition, and reply thereto, the record of the case, and the relevant legal authority, the Court will grant the motion. The reasoning for the Court's decision follows.

ORDER GRANTING PLAINTIFFS' FOURTH
MOTION FOR PRELIMINARY INJUNCTION

- 1

HUD-PRWORA_000093

## II.   PROCEDURAL HISTORY

This case started on May 2, 2025 when eight cities and counties sued the United States Department of Housing and Urban Development ("HUD"), the United States Department of Transportation ("DOT"), and the Federal Transit Administration ("FTA"), as well as the respective agency heads in their official capacities, challenging the imposition of new funding conditions on grants that had been conditionally awarded to the cities and counties for fiscal year 2024. Dkt. No. 1. This Court issue a temporary restraining order on those original claims on May 21, 2025. Dkt. No. 52. Plaintiffs then amended the complaint to add 23 new plaintiffs, as well as three new defendants: the Federal Highway Administration ("FHWA"), the Federal Aviation Administration ("FAA"), and the Federal Railroad Administration ("FRA"), and the corresponding agency heads in their official capacities. Dkt. No. 71. Thereafter, this Court granted Plaintiffs' first and second motions for a preliminary injunction on June 3, 2025 ("the June 3, 2025 Injunction"). Dkt. No. 169. Defendants' appeal of the June 3, 2025 Injunction is pending. Dkt. No. 173.

In July 2025, Plaintiffs amended the complaint again, adding 29 new units of local governments as plaintiffs, and adding the United States Department of Health and Human Services ("HHS"), including the Administration for Children and Families ("ACF"), Health Resources and Services Administration ("HRSA"), National Institutes of Health ("NIH"), Substance Abuse and Mental Health Services Administration ("SAMHSA"), and the Centers for Disease Control and Prevention ("CDC") as defendants. Dkt. No. 184. Plaintiffs then filed a third motion for preliminary injunction that encompassed these new parties, which this Court granted

ORDER GRANTING PLAINTIFFS' FOURTH
MOTION FOR PRELIMINARY INJUNCTION

- 2

on August 12, 2025 ("the August 12, 2025 Injunction"). Dkt. Nos. 186 and 338. Defendants appealed the August 12, 2025 Injunction as well, and it also remains pending. Dkt. No. 342.

Plaintiffs' latest amended complaint, filed in November 2025, adds 15 new state and local entities as plaintiffs ("the Additional Plaintiffs").[1] Dkt. No. 369. In the instant motion, Plaintiffs seek to extend the August 12, 2025 Injunction to encompass the Additional Plaintiffs. Dkt. No. 346. In addition, three existing Plaintiffs that did not previously move for injunctive relief as to some of their grants now seek such relief.[2]

## III.    FACTUAL BACKGROUND

The relevant factual allegations have already been set forth in extensive detail on several occasions and will not be repeated here. *See*, *e.g.*, Dkt. Nos. 169 and 338. Instead, it is sufficient to state that this action challenges grant funding conditions that HUD, DOT, and HHS have been attaching to grants they administer pursuant to congressionally authorized programs. Plaintiffs allege that these conditions are unlawful and seek to force Plaintiffs to implement the Trump Administration's policy objectives, including ending diversity, equity, and inclusion ("DEI") programs, aggressively enforcing immigration law, and adhering to other executive orders unrelated to the programs' purposes. As such, Plaintiffs sought to enjoin Defendants from imposing the new funding conditions on their grants.

---

[1] The Additional Plaintiffs are City of Albany ("Albany"), Allegheny County, City of Berkeley ("Berkeley"), City of Bothell ("Bothell"), City of Cincinnati ("Cincinnati"), Delaware County, Los Angeles Homeless Services Authority ("LAHSA"), City of New Haven ("New Haven"), City of Olympia ("Olympia"), City of Palo Alto ("Palo Alto"), City of Port Angeles ("Port Angeles"), City of Santa Fe ("Santa Fe"), City of Spokane ("Spokane"), City of Tacoma ("Tacoma"), and Thurston County.

[2] The three existing plaintiffs are City and County of Denver ("Denver"), the Metropolitan Government of Nashville and Davidson County ("Nashville"), and City of Tucson ("Tucson").

ORDER GRANTING PLAINTIFFS' FOURTH
MOTION FOR PRELIMINARY INJUNCTION

- 3

HUD-PRWORA_000095

This Court previously determined that Plaintiffs are likely to succeed on the merits of their claims that Defendants' actions violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, as contrary to the constitution and in excess of statutory authority, and arbitrary and capricious and, as such, granted preliminary injunctions enjoining Defendants from, among other things, imposing or enforcing the challenged funding conditions at any stage of the grant-making process.

With this motion, Plaintiffs allege that the Additional Plaintiffs are also confronted with the untenable choice of either accepting the unlawful funding conditions or face the imminent, irreparable harm of losing grant funds that provide for important community services. For instance, Plaintiffs claim that the Additional Plaintiffs with HUD grants use those funds to provide housing, supportive services, and other critical homelessness assistance; home modifications for seniors and people with disabilities; veterans' housing rehabilitation; food security; senior home rehabilitation; lead paint remediation; crime reduction; and small business assistance.[3] Plaintiffs allege that these HUD funds ensure families can stay in safe housing that

---

[3] Dkt. No. 348 (Grande Decl. ¶¶ 6, 11, 13 (Albany)); Dkt. No. 349 (Fournier Decl. ¶ 7 (Allegheny County)); Dkt. No. 352 (Sutter Decl. ¶ 10 (Cincinnati)); Dkt. No. 358 (Elicker Decl. ¶ 6 (New Haven)); Dkt. No. 352 (Sutter Decl. ¶ 10 (Cincinnati)); Dkt. No. 358 (Elicker Decl. ¶ 6 (New Haven)); Dkt. No. 359 (Everett Decl. ¶ 5 (Olympia)); Dkt. No. 352 (Sutter Decl. ¶ 10 (Cincinnati)); Dkt. No. 366 (Hernandez Decl. ¶ 6. (Thurston County)); Dkt. No. 353 (O'Malley Decl. ¶ 6 (Delaware County)); Dkt. No. 355 (Reed Decl. ¶ 7 (LAHSA)); Dkt. No. 62 (Oster Decl. ¶ 6 (Santa Fe)); Dkt. No. 363 (Kinder Decl. ¶ 6 (Spokane)); Dkt. No. 352 (Sutter Decl. ¶ 10 (Cincinnati)); Dkt. No. 358 (Elicker Decl. ¶ 6 (New Haven)); Dkt. No. 366 (Hernandez Decl. ¶ 6 (Thurston County)); Dkt. No. 352 (Sutter Decl. ¶ 10 (Cincinnati)); Dkt. No. 353 (O'Malley Decl. ¶ 6 (Delaware County)); Dkt. No. 363 (Kinder Decl. ¶ 6 (Spokane)); Dkt. No. 352 (Sutter Decl. ¶ 10 (Cincinnati)); Dkt. No. 359 (Everett Decl. ¶ 5 (Olympia)); Dkt. No. 364 (Kim Decl. ¶ 6 (Tacoma)).

ORDER GRANTING PLAINTIFFS' FOURTH
MOTION FOR PRELIMINARY INJUNCTION

- 4

meets their needs and that without HUD funds, residents will lose access to housing, meals, and other lifesaving services.[4]

Plaintiffs further allege that the Additional Plaintiffs who receive HHS grants use those funds for, among other things, HIV prevention; meals and assistance for seniors; substance use disorder treatment; foster care and adoption assistance; and home health visits to families with young children.[5] They claim that loss of HHS funds will mean many of these programs will be curtailed or terminated, and residents will lose access to food, medical care, childcare, housing, and other critical services.[6] They also claim that loss of funds will have serious public health consequences, such as diminished pandemic preparedness and communicable disease control.[7]

Plaintiffs allege that the Additional Plaintiffs with DOT grants use those funds for pedestrian safety; bridge improvements; airfield maintenance and improvements; equipment modernization, such as repowering locomotives; zero-emission vehicles; and signal system

---

[4] Dkt. No. 349 (Fournier Decl. ¶¶ 7, 14 (Allegheny County)); Dkt. No. 359 (Everett Decl. ¶¶ 5, 10 (Olympia)); Dkt. No. 364 (Kim Decl. ¶¶ 6, 12 (Tacoma)); Dkt. No. 355 (Reed Decl. ¶ 13 (LAHSA)); Dkt. No. 358 (Elicker Decl. ¶ 12 (New Haven)); Dkt. No. 363 (Kinder Decl. ¶ 12 (Spokane)).

[5] Dkt. No. 353 (O'Malley Decl. ¶ 6 (Delaware County)); Dkt. No. 358 (Elicker Decl. ¶ 6 (New Haven)); Dkt. No. 350 (Buddenhagen Decl. ¶ 7 (Berkeley)); Dkt. No. 353 (O'Malley Decl. ¶ 6 (Delaware County)); Dkt. No. 362 (Oster Decl. ¶ 6 (Santa Fe)); Dkt. No. 349 (Fournier Decl. ¶ 7 (Allegheny County)); Dkt. No. 353 (O'Malley Decl. ¶ 6 (Delaware County)); Dkt. No. 353 (O'Malley Decl. ¶ 6 (Delaware County)); Dkt. No. 353 (O'Malley Decl. ¶ 6 (Delaware County)).

[6] Dkt. No. 366 (Hernandez Decl. ¶ 12 (Thurston County)); Dkt. No. 353 (O'Malley Decl. ¶ 13 (Delaware County)); Dkt. No. 349 (Fournier Decl. ¶ 15 (Allegheny County))

[7] Dkt. No. 349 (Fournier Decl. ¶¶ 7, 15 (Allegheny County)); Dkt. No. 352 (Sutter Decl. ¶¶ 12, 21 (Cincinnati)); Dkt. No. 353 (O'Malley Decl. ¶¶ 5–6, 13 (Delaware County)).

ORDER GRANTING PLAINTIFFS' FOURTH
MOTION FOR PRELIMINARY INJUNCTION

- 5

HUD-PRWORA_000097

enhancements.[8] They claim that losing DOT funding will result in service reductions, delay or cancelation of planned improvement projects, and disruption of operational and fiscal planning.[9]

Lastly, Plaintiffs allege that existing Plaintiffs Nashville and Tucson did not initially join Plaintiffs' preliminary injunction motion as to the HHS Grant Conditions, and existing Plaintiff Denver did not initially join Plaintiffs' preliminary injunction motion as to Non-CoC HUD Grant Conditions, but those Plaintiffs now seek relief as to those agencies. Plaintiffs claim that HHS is now seeking to apply the contested funding conditions to Nashville and Tucson's already-awarded grants, and both cities will likely face these same conditions for future HHS draw downs and in any future HHS grants they are awarded.[10] Thus, Nashville and Tucson now seek the same preliminary injunctive relief the Court granted as to the other Plaintiffs challenging the HHS Grant Conditions.[11] Similarly, Plaintiffs claim that HUD is now requiring Denver to accept the challenged funding conditions in order to accept its HUD block grant awards, and now seeks

---

[8] Dkt. No. 350 (Buddenhagen Decl. ¶ 6 (Berkeley)); Dkt. No. 351 (Wong Decl. ¶ 6 (Bothell)); Dkt. No. 353 (O'Malley Decl. ¶ 6 (Delaware County)); Dkt. No. 358 (Elicker Decl. ¶ 6 (New Haven)); Dkt. No. 351 (Wong Decl. ¶ 6 (Bothell)); Dkt. No. 352 (Sutter Decl. ¶ 11 (Cincinnati)); Dkt. No. 358 (Elicker Decl. ¶ 6 (New Haven)); Dkt. No. 366 (Hernandez Decl. ¶ 6 (Thurston County)); Dkt. No. 352 (Sutter Decl. ¶ 11 (Cincinnati)); Dkt. No. 362 (Oster Decl. ¶ 6 (Santa Fe)); Dkt. No. 365 (Matheson Decl. ¶ 6 (Tacoma)); Dkt. No. 360 (Shikada Decl. ¶ 8 (Palo Alto)); Dkt. No. 351 (Wong Decl. ¶ 6 (Bothell)).

[9] Dkt. No. 349 (Fournier Decl. ¶¶ 13, 15 (Allegheny County)); Dkt. No. 351 (Wong Decl. ¶ 11 (Bothell)); Dkt. No. 352 (Sutter Decl. ¶¶ 18, 20–21 (Cincinnati)); Dkt. No. 353 (O'Malley Decl. ¶ 13 (Delaware County)); Dkt. No. 358 (Elicker Decl. ¶ 12 (New Haven)); Dkt. No. 360 (Shikada Decl. ¶ 14 (Palo Alto)); Dkt. No. 361 (Curtin Decl. ¶ 12 (Port Angeles)); Dkt. No. 365 (Matheson Decl. ¶ 12 (Tacoma)).

[10] Dkt. No. 357 (Dairo Decl. ¶¶ 9–17 (Nashville)); Dkt. No. 356 (Areola Decl. ¶¶ 8–10, 12–14 (Nashville)); Dkt. No. 367 (Halversen Decl. ¶¶ 5, 7 (Tucson)).

[11] See Dkt. No. 356 (Areola Decl. ¶¶ 6–7, 11, 15 (Nashville)); Dkt. No. 357 (Dairo Decl. ¶¶ 6–7, 12, 15, 18 (Nashville)); Dkt. No. 367 (Halversen Decl. ¶¶ 6, 8 (Tucson)).

ORDER GRANTING PLAINTIFFS' FOURTH
MOTION FOR PRELIMINARY INJUNCTION

- 6

the same preliminary injunctive relief the Court granted to other Plaintiffs challenging the Non-CoC HUD Grant Conditions.[12]

## IV.    LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff seeking preliminary injunctive relief must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Id.* at 20. An injunction may also be awarded where "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in [the plaintiff's] favor," provided that the plaintiff can also demonstrate the other two *Winter* factors. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011) (citation and internal quotation marks omitted). Under either standard, the plaintiff bears the burden of making a clear showing that it is entitled to this extraordinary remedy. *California v. Trump*, 379 F. Supp. 3d 928, 937 (N.D. Cal. 2019) (citing *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010)). The most important *Winter* factor is likelihood of success on the merits. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

In considering the likelihood of success on the merits, the court is not strictly bound by the rules of evidence, as the "preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits."

---

[12] Dkt. No. 354 (Doheny Decl. ¶¶ 6–15 (Denver)).

ORDER GRANTING PLAINTIFFS' FOURTH
MOTION FOR PRELIMINARY INJUNCTION

- 7

HUD-PRWORA_000099