# EXHIBIT 86



U.S. DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT
OFFICE OF INSPECTOR GENERAL

August 21, 2017

**MEMORANDUM NO:**
2017-CF-0801

## Memorandum

TO:        Jemine Bryon
           Deputy Assistant Secretary for Special Needs, DN

           **//signed//**
FROM:      Christeen Thomas
           Director, Joint Civil Fraud Division, GAW

SUBJECT:   HUD Needs To Clarify Whether Illegal-Undocumented Aliens Are Eligible for
           Assistance Under the Housing Opportunities for Persons With AIDS Program

### INTRODUCTION

The U.S. Department of Housing and Urban Development (HUD), Office of Inspector General (OIG), assisted the U.S. Attorney's Office for the Southern District of New York in a civil investigation related to illegal-undocumented aliens[1] receiving Housing Opportunities for Persons with AIDS (HOPWA) assistance.

The investigation began due to a qui tam[2] filing in the U.S. District Court for the Southern District of New York.

---

[1]  Illegal aliens (immigrants) are also referred to in this memorandum as undocumented immigrants, not qualified aliens, and individuals in noncitizen immigration status.

[2]  The False Claims Act allows private persons to file suit for violations of the False Claims Act on behalf of the Government.  A suit filed by an individual on behalf of the Government is known as a "qui tam" action, and the person bringing the action is known as a "relator."  If the Government prevails in a qui tam action, the court may award the relator a share of the False Claims Act award, based on the contributions the relator made to the investigation.

## BACKGROUND

### Program

The HOPWA program at 24 CFR (Code of Federal Regulations) Part 574 is a HUD Office of Community Planning and Development (CPD) grant program that provides formula allocations and competitively awarded grants to eligible States, cities, and nonprofit organizations to provide housing assistance and related supportive services to meet the housing needs of low-income persons and their families living with HIV-AIDS. These resources help clients maintain housing stability, avoid homelessness, and improve access to HIV-AIDS treatment and related care while placing a greater emphasis on permanent supportive housing. In fiscal years 2013 through 2016, appropriations amounted to nearly $1.3 billion.

| Year | Total amount awarded |
|------|----------------------|
| 2016 | $301,500,000 |
| 2015 | 326,270,455 |
| 2014 | 331,869,867 |
| 2013 | 315,507,652 |
| 4-year total | 1,275,147,974 |

### Governing Laws and Regulations

Noncitizen or alien ineligibility for federally funded programs is a recurring issue in Congress. Two laws primarily govern noncitizen or alien eligibility for housing programs: Title IV of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 - 8 U.S.C. (United States Code 1611 (PRWORA) and Section 214 of the Housing and Community Development Act of 1980 as amended.

PRWORA states that aliens, who are not qualified aliens, are not eligible for "Federal public benefits," a term defined in the law to include public and assisted housing. Under this statute, unauthorized (illegal aliens) do not meet the definition of qualified aliens and as a result are ineligible for Federal public benefits. However, PRWORA exempted certain Federal public benefits from the alien eligibility restrictions, including programs, services, or assistance (such as soup kitchens, crisis counseling and intervention, and short-term shelters) specified by the Attorney General, after consultation with the appropriate Federal agency. These are usually thought of as emergency programs and are exempt if the benefit provided meets the following three requirements:

1. delivers in-kind services at the community level, including through public or private nonprofit organizations;

2. is not conditioned on a client's income or resources; and

3. is necessary for the protection of life and safety.

2

PRWORA also exempted programs for housing, community development assistance, or financial assistance administered by HUD, to the extent that the alien was receiving such a benefit on August 22, 1996 (enactment date of PRWORA).

Section 214, implemented in 24 CFR 5.500 Subpart E, prohibits HUD from making financial assistance available to persons who are not in eligible status with respect to citizenship or noncitizen immigration status. Subpart E applies only to financial assistance provided under

(1) Section 235 of the National Housing Act;
(2) Section 236 of the National Housing Act (tenants paying below-market rent);
(3) Section 101 of the Housing and Urban Development Act of 1965; and
(4) the United States Housing Act of 1937, which covers
- HUD's public housing programs,
- Section 8 housing assistance programs, and
- housing development grant programs (low-income units only).

All of the stated programs provide housing, either directly or indirectly assisted by HUD. Further, Section 214 does not apply to community development programs, such as HOPWA and homeless grant programs (except the Section 8 Moderate Rehabilitation and Single Room Occupancy programs), unless such programs are combined with one of the above covered programs. Therefore, it is not clear in this regulation whether illegal-undocumented immigrants may receive financial assistance under HOPWA.

**HUD Guidance**

HUD has not issued recent guidance or regulations implementing the PRWORA provisions. It is unclear whether CPD programs, such as HOPWA, are subject to the alien eligibility restrictions. HUD's Office of General Counsel attorneys gave us a copy of a January 19, 2001, letter addressed to "HUD Funds Recipient" stating that emergency shelter and transitional housing programs that meet the conditions cited in PRWORA are exempt programs and that individuals should not be barred from such assistance due to their immigration status. However, the letter did not cover CPD programs, such as HOPWA or other homeless assistance programs.

The former acting director of HUD's HIV-AIDS office gave us a 2007 email used to interpret PRWORA. The email from a prior director to a CPD field office representative stated that there is a statutory reference that "nonprofit charitable institutions" have an exemption on determining, verifying, or otherwise requiring proof of an applicant's citizenship or qualified alien status and, therefore, could offer assistance if otherwise eligible. The exemption does not apply to direct assistance from government agencies.

While CPD uses a grantee monitoring guidebook in its oversight of the HOPWA program, the guidelines do not address the verification of alien citizenship or qualified status.

3

## RESULTS OF REVIEW

We determined that the issue of nonqualified aliens receiving assistance under HOPWA or other homeless assistance programs has not been clearly addressed in HUD regulations and guidance. Specifically, there does not appear to be any clear guidance as to whether programs that are funded through HUD's community development programs and administered through nonprofits (such as HOPWA) have been clearly designated as a "Federal public benefit." This designation is important because aliens, who have not been qualified to be considered "qualified aliens" under 8 U.S.C. 1611, are not eligible for Federal benefits.

Also, it is not clear whether homeless assistance grants are considered a Federal public benefit. There is a discord between "housing assistance," which is considered a Federal benefit and is limited to qualified aliens, and "homeless assistance." If homeless assistance grants were considered a Federal public benefit, HOPWA would not be available to illegal-undocumented aliens. However, since it is unclear whether such grants are considered Federal public benefits, there is a potential for unqualified aliens to fall under the exceptions under 8 U.S.C. 1611 (which include emergency type programs) and qualify to receive benefits.

## RECOMMENDATIONS

We recommend that HUD's Office of Community Planning and Development

1A.    Clarify whether assistance provided under its community development programs, such as HOPWA, are considered "Federal public benefits" and are, therefore, subject to PRWORA's noncitizen eligibility restrictions.

1B.    Consult with the Office of the Attorney General to establish whether HOPWA and other homeless assistance programs are a Federal public benefit that meets the definition of "providing assistance for the protection of life or safety" and are, therefore, exempt from PRWORA noncitizen eligibility restrictions.

4