IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF NEW YORK, et al., <br><br> *Plaintiff,* <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, et al., <br><br> *Defendants.* | Case No. 1:25-cv-00345-MSM-PAS <br> Judge Mary Susan McElroy |

### ASSENTED-TO MOTION OF PUBLIC HEALTH ORGANIZATIONS AND SCHOLARS FOR LEAVE TO FILE MEMORANDUM AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 7, non-parties American Public Health Association, the Robert Wood Johnson Foundation, the National Center for Medical-Legal Partnership, the Jacobs Institute of Women's Health and 65 deans, professors and scholars of public health[1] ("Public Health Organizations and Scholars") respectfully move for leave of Court to file the enclosed Memorandum as *Amicus Curiae* in Support of Plaintiffs' Motion for Summary Judgment. In support of this Motion, the Public Health Organizations and Scholars state as follows:

1. Federal district courts have "inherent authority" to accept amicus briefs. *Students for Fair Admissions v. President and Fellows of Harvard College*, No. 14-cv-14176-ADB, 2018 WL 9963511, at *1 (D. Mass. Oct. 3, 2018); *see also* Text Order

---

[1] The individual proposed amici are identified in the appendix to the proposed amicus brief.

Granting Motion for Leave to File Amicus Brief by Federation for American Immigration Reform, No. 1:25-CV-00345 (Aug. 20, 2025).

    2.    District courts "frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005); *see Rhode Island Affiliate, Am. C.L. Union, Inc. v. Begin*, 431 F. Supp. 2d 227, 230 n.1 (D.R.I. 2006) (inviting amicus briefs where "the issues raised by the plaintiffs could have ramifications extending far beyond this case").

    3.    Courts especially welcome amicus briefs when the amicus offers a "perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997); *see, e.g.*, *Sec. & Exch. Comm'n v. Cetera Advisors LLC*, No. 19-cv-02461-MEH, 2020 WL 13470960, at *2 (D. Colo. Aug. 25, 2020) (amicus trade organization offered "unique information and perspective" that was helpful to the court); *C & A Carbone, Inc. v. Cnty. of Rockland*, No. 08–cv–6459–ER, 2014 WL 1202699, at *4 (S.D.N.Y. Mar. 24, 2014) ("Amici's insights . . . help[] ensure that there has been 'a complete and plenary presentation of difficult issues so that the court may reach a proper decision.'")

    4.    In the proposed *Amicus* Memorandum (attached to this motion), the Public Health Organizations and Scholars provide their unique perspective describing the repercussions of barring certain immigrants from participating in health programs newly characterized as "Federal public benefits" under the Personal

Responsibility and Work Opportunity Act of 1996 ("PRWORA"). This proposed brief illustrates the vital services that these programs provide for patients across the country and describes the individual health, public heath, and economic harms that will result from restricting immigrant access to these programs.

5. Public Health Organizations and Scholars comprise entities that represent tens of thousands of public health professionals and researchers across the country, as well as deans, professors, and scholars of public health, law, and policy with expertise in programs that promote population health. The collective group has a sophisticated understanding of the social science evidence documenting the powerful impact of the health programs at the center of this case on public health and the inevitable harms from the PRWORA notices at issue here.

6. Equipped with this knowledge, the Public Health Deans and Scholars can bring to the Court's attention—beyond the arguments of the parties—information that Defendants did not appropriately consider before issuing the notice expanding the scope of "Federal public benefits" from which certain immigrants are excluded (the "Notice"). This information shows how closing the doors of community health centers, Head Start Programs, family planning clinics, and federally subsidized behavioral health supports (the "Programs") to certain immigrants will harm communities across the country.

7. The proposed *Amicus* Memorandum explains that Congress purposefully designed the Programs to serve entire communities, not individuals, precisely because of their population effects. Immigrants of all walks of life—adults,

children, pregnant women, and those with behavioral health conditions—will experience worse health across various metrics without access to the Programs. Immigration-related fears will have chilling effects on qualifying immigrants and U.S. citizens in households and in communities with immigrants newly barred from the Programs, decreasing utilization among immigrants. Ultimately, an increasingly sick population depletes the country's workforce and stagnates the economy.

8. The Court should grant Public Health Organizations and Scholars leave to file the *Amicus* Memorandum, which offers a perspective beyond that of the parties, about the evidence base that Defendants ignored when issuing the Notices and which strongly supports the need for the Programs by members of every community.

9. Counsel for Plaintiffs and Defendants assent to this Motion.

WHEREFORE, Public Health Organizations and Scholars respectfully request that the Court grant them leave to file the attached Memorandum as *Amicus Curiae* in Support of Plaintiff's Motion for Summary Judgment.

March 6, 2026                     Respectfully submitted,

*/s/ Amy R. Romero*
Amy R. Romero (RI Bar #8262)
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
(401) 453-1500
amy@dwbrlaw.com
Cooperating Counsel, Lawyers' Committee for RI

Of counsel:

Eric Gold
Ross Margulies
Alex Somodevilla
Shannon Gonick
Manatt, Phelps & Phillips, LLP
1050 Connecticut Ave, NW, Suite 600
Washington, D.C. 20036
Tel: 202-585-6500

*Counsel for American Public Health Association, National Center for Medical-Legal Partnership, Robert Wood Johnson Foundation, the Jacobs Institute of Women's Health, and 65 Public Health Scholars*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2026, I electronically filed the within document, and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

                                      */s/ Amy R. Romero*
                                      Amy R. Romero